IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES MOORE, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| PEMBROOKE TOWNHOMES | ) | |
| HOMEOWNERS ASSOCIATION | ) | |
| MANAGEMENT, INC. and PHILLIP | ) | |
| MARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Charles Moore (hereinafter "Plaintiff"), and files this lawsuit against Pembrooke Townhomes Homeowners Association Management, Inc. (hereinafter "Defendant Pembrooke") and Phillip Martin (hereinafter "Defendant Martin")(collectively, "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Pembrooke is a Georgia corporation, and the unlawful employment practices described herein occurred at 5790 Hwy. 85 Suite 3011, Riverdale, GA, 30274.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III.  Parties

5.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

6.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants, and, in any workweek, was engaged in commerce within the definitions of 29 U.S.C. §§ 206(a) and 207(a).

7.

Plaintiff performed non-exempt labor for the Defendants within the last three years in excess of forty (40) hours per work week and was not paid an overtime wage differential, as required by 29 U.S.C. §207.

8.

Defendants employed the named Plaintiff during the relevant time period.

9.

Defendant Pembrooke is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

10.

Defendant Pembrooke Townhomes Homeowners Association Management, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

11.

Defendant Pembrooke is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

12.

Defendant Pembrooke can be served through its Registered Agent, Phillip Martin, at 1742 Caswell Parkway, Marietta, Georgia 30060.

13.

Defendant Martin is the owner of Pembrooke Townhomes Homeowners Association Management, Inc. During all times relevant to this action, Defendant Martin had authority to create and alter the policies of Defendant Pembrooke, and to hire and fire any employees of Defendant Pembrooke.

14.

Defendant Martin was a decision-maker as to Plaintiff's compensation, Plaintiff's job duties, and the termination of Plaintiff's employment. Defendant Martin had discretion over Plaintiff's payroll and overtime compensation. Defendant Martin works both directly and indirectly in the interest of Defendant Pembrooke and was in a supervisory position over Plaintiff during Plaintiff's employment.

15.

Defendant Martin is an "employer" within the definition of the FLSA, 29 U.S.C. § 203(d). Defendant Martin is governed by and subject to the FLSA, 29 U.S.C. § 204 and § 207.


16.

Defendant Martin can be served with process by delivering a copy of the Summons and Complaint to Defendant Martin, personally, at his place of employment, at 1742 Caswell Parkway, Marietta, Georgia 30060.

## IV. Facts

17.

Plaintiff worked for the Defendants within the past three years.

18.

Plaintiff was hired by Defendants on June 23, 2007 as a Security Guard. At the time of his termination on July 17, 2013, Plaintiff held the position of Assistant Manager.

19.

Plaintiff's every day job duties included monitoring the front desk, showing rooms, general office work, and providing security to the property.

20.

Plaintiff's primary tasks did not require the exercise of discretion and independent judgment.

21.

Plaintiff worked an average of fifty (50) hours per work week and was not paid an overtime differential.

22.

Plaintiff was paid at the rate of approximately $14.00 per hour.

23.

Throughout his employment, Plaintiff complained to Defendant Martin that he was not paid time and a half for hours he worked over forty in a work week.

24.

Plaintiff was also on-call 24 hours per day, 7 days a week.

25.

Plaintiff was required to assist with on-site emergencies multiple times a week and was not compensated for time he worked after-hours when an emergency arose.

26.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V. <u>Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.</u>

27.

Defendants have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

28.

Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

29.

Defendants' actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

30.

Defendants knew, or showed reckless disregard for the fact that they failed to pay Plaintiff overtime compensation in violation of the FLSA.

31.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records

with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

32.

Defendants' conduct was willful and in bad faith.

33.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 1st day of November, 2013.

                            **BARRETT & FARAHANY, LLP**

                            s/ Abigail J. Larimer
                            Benjamin F. Barrett
                            Georgia Bar No. 039586
                            Amanda A. Farahany
                            Georgia Bar No. 646135
                            Abigail J. Larimer
                            Georgia Bar No. 999229
                            ***Attorneys for Charles Moore***

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
abigail@bf-llp.com